1  Marc S. Stern                                    Honorable Richard A. Jones
   1825 NW 65th Street
2  Seattle, WA 98117
3  (206) 448-7996
   marc@hutzbah.com
4

5

6                    UNITED STATES DISTRICT COURT
7            WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8   In re:                              No.  2:16-cv-01684-RAJ
9
        DEBRA LEA WILSON,
10
11          Debtor.                     BRIEF OF *AMICI CURIAE* NATIONAL
                                        CONSUMER BANKRUPTCY RIGHTS
12  ─────────────────────────          CENTER AND NATIONAL
13  DEBRA WILSON,                       ASSOCIATION OF CONSUMER
                                        BANKRUPTCY ATTORNEYS IN
14          Debtor-Appellant            SUPPORT OF DEBTOR AND SEEKING
                                        REVERSAL OF THE BANKRUPTCY
15    v.                                COURT'S DECISION
16
    JAMES RIGBY, et al.
17
18          Appellees,
19  ─────────────────────────
20

21

22

23

24

25  On Brief:
26  J. Erik Heath, Esq.

27

28

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996

1

2

TABLE OF CONTENTS

3

4

TABLE OF AUTHORTIES .......................................................................... iii

CORPORATE DISCLOSURE STATEMENT ......................................... vi

CERTIFICATION OF AUTHORSHIP ................................................... vi

I.   STATEMENT OF INTEREST OF *AMICI CURIAE* ....................... 1

II.  SUMMARY OF ARGUMENT ....................................................... 2

III. ARGUMENT ................................................................................. 4

     A.  The Function and Design of Property Exemptions Serve an
         Important Public Policy ........................................................ 4

     B.  Debtors May Freely Amend Exemptions at Any Time, Even to
         Capture Value Created Postpetition ..................................... 8

     C.  The *Gebhart* Rule Does Not Support Trustee's Proposal To
         Limit Exemptions ................................................................. 12

         1. *Gebhart* Only Concerns Appreciation Beyond
            Exemption Limits ........................................................... 13
         2. The Washington Homestead Exemption Falls
            Outside of *Gebhart*. ...................................................... 17

IV.  CONCLUSION ............................................................................ 20

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRIEF OF *AMICI CURIAE* IN SUPPORT
OF DEBTOR AND SEEKING REVERSAL
OF THE BANKRUPTCY COURT'S DECISION          - ii

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996

1

TABLE OF AUTHORITIES

2

3  *CASES*

4  *Algona v. Sharp*, 30 Wash. App. 837 (1982)...............................................18

5  *Alsberg v. Robertson (In re Alsberg)*, 68 F.3d 312, 313 (9th Cir. 1995).......3, 13, 14

6  *American Universal Ins. Co., v. Pugh*, 821 F.2d 1352 (9th Cir. 1987)....................8

7  *In re Arnold*, 252 B.R. 778 (B.A.P. 9th Cir. 2000) ......................................9

8  *Clark v. Davis*, 37 Wn.2d 850 (1951) .......................................................19

9  *In re Chesanow*, 25 B.R. 228 (Bankr. D. Conn. 1982) ..................................7

10
   *DeGiacomo v. Traverse (In re Traverse)*, 753 F.3d 19, 28 (1st Cir. 2014)..............19
11
   *In re Doan*, 672 F.2d 831 (11th Cir. 1982) ..............................................9
12
13 *In re Elliott*, 523 B.R. 188 (B.A.P. 9th Cir. 2014) .....................................9

14 *In re Farr*, 278 B.R. 171 (B.A.P. 9th Cir. 2002)........................................6

15 *Gebhart v. Gaughan (In re Gebhart)*, 621 F.3d 1206 (9th Cir. 2010) ............*passim*

16 *In re Gitts*, 116 B.R. 174 (B.A.P. 9th Cir. 1990)......................................18

17 *Gladstone v. U.S. Bancorp*, 811 F.3d 1133 (9th Cir. 2016) ....................................5

18 *In re Goswami*, 304 B.R. 386 (B.A.P. 9th Cir. 2003) ..................................8

19 *In re Gray*, 523 B.R. 170 (B.A.P. 9th Cir. 2014) ......................................9

20 *Harris v. Viegelahn*, — U.S. —, 135 S. Ct. 1829, 1838 (2015)............................4

21 *In re Jefferies*, 468 B.R. 373, 378 (B.A.P. 9th Cir. 2012)........................................7

22 *Klein v. Chappell (In re Chappell)*, 373 B.R. 73 (B.A.P. 9th Cir. 2007) ...............14
23
24 *Kokoszka v. Belford*, 417 U.S. 642 (1974) ................................................4

25 *In re KVN Corp.*, 514 B.R. 1 (B.A.P. 9th Cir. 2014) ....................................10

26 *Law v. Siegel*, 134 S. Ct. 1188 (2014) ...........................................6, 9, 12

27 *Lien v. Hoffman*, 49 Wn.2d 642 (1952) ..................................................19

28

BRIEF OF *AMICI CURIAE* IN SUPPORT
OF DEBTOR AND SEEKING REVERSAL
OF THE BANKRUPTCY COURT'S DECISION          - iii -

**MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996**

*In re Lopez*, No. 03-40205, 2005 Bankr. LEXIS 3037
(Bankr. D. Idaho Sep. 18, 2005)........................................................11

*Lucius v. McLemore*, 741 F.2d 125, 127 (6th Cir. 1984) .........................9

*In re Maddox*, 27 B.R. 592 (N.D. Ga. 1983).........................................7

*In re Mannone*, 512 B.R. 148 (Bankr. E.D.N.Y. 2014) ..........................11

*Martinson v. Michael (In re Michael)*, 163 F.3d 526 (9th Cir. 1998)...................8, 9

*In re McComber*, 422 B.R. 334 (Bankr. D. Mass. 2010) ..........................8

*In re McQueen*, 21 B.R. 736 (Bankr. D. Vt. 1982) ................................8

*Mwangi v. Wells Fargo Bank, N.A. (In re Mwangi)*,
764 F.3d 1168, 1175 (9th Cir. 2014) ........................................7, 17

*In re O'Brien*, 443 B.R. 117 (Bankr. W.D. Mich. 2011)...........................11

*Ohio v. Kovacs*, 469 U.S. 274 (1985).................................................4

*Owen v. Owen*, 500 U.S. 305, 308 (1991)............................................5

*Pinebrook Homeowners Assn. v. Owen*, 48 Wash. App. 424 (1987).....................18

*In re Potter*, 226 B.R. 422 (B.A.P. 8th Cir. 1999) ................................11

*In re Rolland*, 317 B.R. 402 (Bankr. C.D. Cal. 2004) ............................6

*Rousey v. Jacoway*, 544 U.S. 320 (2005) ............................................4

*Schwab v. Reilly*, 560 U.S. 770 (2010)............................................4, 5

*Schwaber v. Reed (In re Reed)*, 941 F.2d 1317 (9th Cir. 1991) .............10

*United States v. Whiting Pools*, 462 U.S. 198 (1983) ...........................5

*In re Vandeventer*, 368 B.R. 50 (Bankr. C.D. Ill. 2007) .........................8

*Viet Vu v. Kendall (In re Viet Vu)*, 245 B.R. 644 (B.A.P. 9th Cir. 2000)...............10

*Viewcrest Condo. Ass'n v. Robertson*, -- Wash. App. --,
2016 Wash. App. LEXIS 3070 (Ct. App. Dec. 27, 2016) ........................18

*In re Wilson*, 494 B.R. 502 (Bankr. C.D. Cal. 2013) .............................11

STATUTES AND RULES

BRIEF OF *AMICI CURIAE* IN SUPPORT
OF DEBTOR AND SEEKING REVERSAL
OF THE BANKRUPTCY COURT'S DECISION          - iv -

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996

1

2
11 U.S.C. § 522(a)(2) ............................................................................9

3
11 U.S.C. § 522(b)(2) ............................................................................6

4
11 U.S.C. § 522(c) ................................................................................5

5
11 U.S.C. 522(d) ..............................................................................6, 7

6
11 U.S.C. § 522(l) .................................................................................5

7
11 U.S.C. § 541 ....................................................................................4

8
11 U.S.C. § 541(a)(1) ............................................................................5

9
11 U.S.C. § 541(a)(6) ....................................................................6, 5, 10

10
11 U.S.C. § 554 ..................................................................................16

11
11 U.S.C. 704(a)(1) ..............................................................................8

12

13

14
Ariz. Rev. Stat. § 33-1101 ....................................................................17

15
Nev. Rev. St. § 21.090(1)(g) .................................................................17

16
Wash. Rev. Code § 6.13.070(1) .............................................................18

17
Wash. Const. Art. XIX, § 1 ..................................................................19

18

19

20
Federal Rule of Bankruptcy Procedure 1009(a) ........................................2

21

22
OTHER

23
Marc Stern & Janine Lee, *Proper Valuation of Property and Exemptions in
24
Consumer Cases*, 33 Am. Bankr. Inst. J. 22 (July 2014).   ......................7

25

26

27

28

BRIEF OF *AMICI CURIAE* IN SUPPORT
OF DEBTOR AND SEEKING REVERSAL
OF THE BANKRUPTCY COURT'S DECISION          - v

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996

1

CORPORATE DISCLOSURE STATEMENT

2

3

Pursuant to Fed. R. Bankr. P. 8012, *amici curiae*, the National Consumer

4

Bankruptcy Rights Center and the National Association of Consumer Bankruptcy

5

6

Attorneys, state that they are both nongovernmental corporate entities that have no

7

parent corporations and do not issue stock.

8

9

CERTIFICATION OF AUTHORSHIP

10

11

Pursuant to Fed. R. Bankr. P. 8017(c)(4), the undersigned counsel of record

12

certifies that this brief was not authored by a party's counsel, nor did party or

13

party's counsel contribute money intended to fund this brief and no person other

14

15

than amici contributed money to fund this brief.

16

17

18

19

20

21

22

23

24

25

26

27

28

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996

## I.     STATEMENT OF INTEREST OF *AMICI CURIAE*

NCBRC is a nonprofit organization dedicated to preserving the bankruptcy rights of consumer debtors and protecting the bankruptcy system's integrity. The Bankruptcy Code grants financially distressed debtors certain rights that are critical to the bankruptcy system's operation. Yet consumer debtors with limited financial resources and minimal exposure to that system often are ill-equipped to protect their rights in the appellate process. NCBRC files *amicus curiae* briefs in systemically-important cases to ensure that courts have a full understanding of the applicable bankruptcy law, the case, and its implications for consumer debtors.

NACBA is also a nonprofit organization whose members are attorneys across the country. NACBA advocates nationally on issues that cannot adequately be addressed by individual member attorneys. It is the only national association of attorneys organized for the specific purpose of protecting the rights of consumer bankruptcy debtors.

NCBRC, NACBA and its membership have a vital interest in the outcome of this case.  Exemptions are essential to achieving the fresh start that is a fundamental goal of bankruptcy. In mandating that exemptions be liberally construed in favor of the debtor, courts have recognized Congress's intent to protect the essentials of daily life for consumers in financial distress. Here, the

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996

1  debtor claimed her federal homestead exemption to the extent of her equity at the

2  time of filing.  When she sought to amend her exemptions to include appreciation

3

4  of the value of her home, as she had a right to do under Federal Rule of

5  Bankruptcy Procedure 1009(a), the bankruptcy court erroneously concluded that

6

7  she could not amend her exemptions to cover that appreciation. The denial of the

8  debtor's right to amend to capture an increase in the fair market value of her home

9  up to the exemption limit has far-reaching implications for consumer debtors

10

11 nationally.

12  **II.    SUMMARY OF ARGUMENT**

13

14         A debtor's ability to exempt specific property from the bankruptcy estate is

15  a crucial part of obtaining a fresh start.  However, that fresh start can be denied in

16  cases, such as this one, where the trustee asserts a strained reading of the

17

18  Bankruptcy Code in order to curtail a debtor's otherwise clear right to exempt

19  property.

20

21         Because of the important role that exemptions play, Supreme Court

22  precedent dictates that bankruptcy courts have no authority to deny a debtor a

23

24  claimed exemption without a clear statutory basis for doing so.  The Code

25  provides no such authority to deny an amendment to an exemption that seeks to

26  cover postpetition appreciation where the fair market value of the property

27

28

BRIEF OF *AMICI CURIAE* IN SUPPORT
OF DEBTOR AND SEEKING REVERSAL
OF THE BANKRUPTCY COURT'S DECISION        - 2

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996

remains below the maximum homestead exemption amount. Trustee's only support for this approach is based on a misinterpretation of the case *Gebhart v. Gaughan (In re Gebhart)*, 621 F.3d 1206, 1211 (9th Cir. 2010). *Gebhart*, which did not address the Washington homestead exemption, also involved a different set of facts. Further, at least one of the cases relied upon by *Gebhart* in fact supports the debtor's amended exemption here. *See Alsberg v. Robertson (In re Alsberg)*, 68 F.3d 312, 313 (9th Cir. 1995) (allowing the debtor to amend).

Trustee's radical approach is also contrary to the purpose of exemptions and the concept of a fresh start. Ms. Wilson's case exemplifies this backwards result. Instead of receiving the protection of her homestead exemption, Ms. Wilson, who is a 69-year-old woman living in a one-bedroom condominium, is deprived of the tools she needs to obtain her fresh start. This court should reverse the bankruptcy court's decision and reinforce the debtor's important right to claim exemptions in bankruptcy.

BRIEF OF *AMICI CURIAE* IN SUPPORT
OF DEBTOR AND SEEKING REVERSAL
OF THE BANKRUPTCY COURT'S DECISION          - 3

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996

1

III.   **ARGUMENT**

2

3      The oft-cited principal purpose of the Bankruptcy Code is to grant a fresh

4  start to the honest but unfortunate debtor.  *Harris v. Viegelahn*, — U.S. —, 135 S.

5  Ct. 1829, 1838 (2015); *Kokoszka v. Belford*, 417 U.S. 642, 645 (1974).

6

7  "[E]xemptions in bankruptcy cases are part and parcel of the fundamental

8  bankruptcy concept of a 'fresh start.'"  *Schwab v. Reilly*, 560 U.S. 770, 791

9

10 (2010); *see also Rousey v. Jacoway*, 544 U.S. 320, 325 (2005).  Because of their

11 cherished role, exemptions are structured to allow debtors to maximize their

12 value, and can only be denied in limited circumstances.  The *Gebhart* decision

13

14 does not curtail a debtor's right to assert exemptions – by amendment or otherwise

15 – and it even relies upon Ninth Circuit precedent that reinforces the debtor's right

16

17 to exempt postpetition appreciation.

18     **A. The Function and Design of Property Exemptions Serve an**
   **Important Public Policy.**
19

20     Because this case involves important rights concerning bankruptcy

21 exemptions, it is important first to explain why those exemptions are important,

22 and how they work.

23

24     "The commencement of a case under the Bankruptcy Code creates an estate

25 which, with limited exceptions, consists of all of the debtor's property."  *Ohio v.*

26

27 *Kovacs*, 469 U.S. 274, 284 n.12 (1985) (citing 11 U.S.C. § 541).  The scope of

28

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996

this estate is "broad," including "all legal or equitable interests of the debtor in property as of the commencement of the case." *United States v. Whiting Pools*, 462 U.S. 198, 204-205 (1983) (quoting 11 U.S.C. § 541(a)(1)); *see also Gladstone v. U.S. Bancorp*, 811 F.3d 1133, 1139-40 (9th Cir. 2016).  Although most property acquisitions after the petition date are excluded from the estate, there are limited statutory exceptions.  For example, certain inheritances to which the debtor becomes entitled within 180 days of filing are brought into the estate, as well as "[p]roceeds, product, offspring, rents, or profits of or from property of the estate." 11 U.S.C. § 541(a)(6)-(7).

Once formed, this broad estate is "subject to the debtor's right to reclaim certain property as 'exempt.'" *Schwab*, 560 U.S. at 774; *see* 11 U.S.C. § 522(l). "An exemption is an interest withdrawn from the estate (and hence from the creditors) for the benefit of the debtor." *Owen v. Owen*, 500 U.S. 305, 308 (1991); *see also Schwab*, 560 U.S. at 775-76; *Gladstone*, 811 F.3d at 1142.  With only some exceptions, "[p]roperty exempted… is not liable during or after the case for any debt of the debtor that arose… before the commencement of the case." 11 U.S.C. § 522(c).

As described above, these exemptions are crucial to fulfilling the Bankruptcy Code's promise of a fresh start.  They do this "by enabling the debtor

BRIEF OF *AMICI CURIAE* IN SUPPORT
OF DEBTOR AND SEEKING REVERSAL
OF THE BANKRUPTCY COURT'S DECISION       - 5

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996

1   to emerge from bankruptcy with adequate and necessary possessions," thus

2   allowing "the debtor to maintain an appropriate standard of living as he or she

3

4   goes forward after the bankruptcy case."  *In re Farr*, 278 B.R. 171, 175 (B.A.P.

5   9th Cir. 2002) (quoting H. R. Rep. No. 95–595, at 126 (1977), reprinted in 1978

6

7   U.S.C.C.A.N. 5963, 6087); *see also In re Rolland*, 317 B.R. 402, 412-13 (Bankr.

8   C.D. Cal. 2004) ("Exemptions serve to protect and foster a debtor's fresh start

9   from bankruptcy.").

10

11          These exemptions are so critical to a debtor's fresh start that they can only

12   be denied based on the specific, limited circumstances enumerated in the Code.

13   *Law v. Siegel*, 134 S. Ct. 1188, 1194-95 (2014) (bankruptcy court erred by

14

15   surcharging a debtor's exemption to account for debtor's own fraud).   The

16   importance of this exemption scheme is further reflected, as discussed below, in

17   the wide latitude debtors are given to amend exemptions.

18

19          Even though bankruptcy is an inherently federal scheme, the right to an

20   exemption is determined by a patchwork of state and federal statutes.  The

21   Bankruptcy Code itself contains a list of exemptions for various types of property.

22

23   11 U.S.C. 522(d).  However, the Code also allows states to opt out of the federal

24   exemption scheme, which many have done.  *See* 11 U.S.C. § 522(b)(2).  Debtors

25

26   filing in those "opt-out" states find the source of their exemptions in only state law

27

28

BRIEF OF *AMICI CURIAE* IN SUPPORT
OF DEBTOR AND SEEKING REVERSAL
OF THE BANKRUPTCY COURT'S DECISION          - 6

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996

1    or federal nonbankruptcy law.  However, Washington has not opted out of the

2    federal exemptions, and bankruptcy debtors can therefore elect to claim

3
4    exemptions under either Washington law or the Bankruptcy Code.  *In re Jefferies*,

5    468 B.R. 373, 378 (B.A.P. 9th Cir. 2012).

6
7        The federal exemption scheme (along with many state law schemes) defines

8    a permissible exemption by the debtor's "interest," not by "equity" or "value."

9    *See* 11 U.S.C. § 522(d)(1) (defining a "debtor's aggregate *interest*, not to exceed

10
11   $15,000 in value, in real property" (emphasis added)).  Thus, a debtor can exempt

12   any interest in property, even a possessory interest, *see In re Maddox*, 27 B.R.

13
14   592, 596 (N.D. Ga. 1983) (this phrase is "a broad term encompassing many rights

15   of a party, tangible, intangible, legal and equitable"), and even if there is no equity

16   in the asset, *In re Chesanow*, 25 B.R. 228, 229 (Bankr. D. Conn. 1982) ("The

17
18   word 'interest' is not the substantive equivalent of the word 'equity'").  Some

19   statutes, rather than protecting a particular dollar value of a debtor's interest, focus

20
21   on protecting a particular asset.  *See, e.g.*, *Mwangi v. Wells Fargo Bank, N.A. (In*

22   *re Mwangi)*, 764 F.3d 1168, 1175 (9th Cir. 2014).

23       Determining both the value of the property and the amount of the

24
25   exemption is crucial step in a bankruptcy case.  *See* Marc Stern & Janine Lee,

26   *Proper Valuation of Property and Exemptions in Consumer Cases*, 33 Am. Bankr.

27
28

BRIEF OF *AMICI CURIAE* IN SUPPORT
OF DEBTOR AND SEEKING REVERSAL
OF THE BANKRUPTCY COURT'S DECISION        - 7

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996

1   Inst. J. 22 (July 2014).  Only after the nature and extent of the estate's property is

2   finally determined, does the Bankruptcy Code authorize the Trustee to collect and

3   reduce to cash the remaining non-exempt property for distribution to creditors.

4

5   *See* 11 U.S.C. 704(a)(1); *In re Vandeventer*, 368 B.R. 50, 53 (Bankr. C.D. Ill.

6   2007) ("a trustee is limited to collecting and reducing to money 'property of the

7   estate'").  Debtors may then use the exempt property to embark on their post-

8

9   bankruptcy lives.

10

11       **B. Debtors May Freely Amend Exemptions at Any Time, Even to
            Capture Value Created Postpetition.**

12

13       Under the bankruptcy rules, "the debtor has the absolute right to amend any

14   'list, schedule, or statement' prior to closure of the case.  This right to amend

15   includes the right to amend the debtor's list of property claimed exempt."  *In re*

16   *Goswami*, 304 B.R. 386, 392-93 (B.A.P. 9th Cir. 2003) (citing Fed. R. Bankr. P.

17

18   1009(a); *Martinson v. Michael (In re Michael)*, 163 F.3d 526, 529 (9th Cir.

19

20   1998)).[1]  Debtors may even amend their scheduled exemptions to switch between

21   federal and state exemption schemes, as was done here.  *In re McComber*, 422

22

23   B.R. 334 (Bankr. D. Mass. 2010); *In re McQueen*, 21 B.R. 736 (Bankr. D. Vt.

24   1982).

25

26   _____

[1] Although not a statute, Rule 1009 was promulgated by the Supreme Court pursuant to

27   authority granted by Congress under 28 U.S.C. 2075, and it has the force of law.  *See American*
     *Universal Ins. Co., v. Pugh*, 821 F.2d 1352, 1354 (9th Cir. 1987).

28

BRIEF OF *AMICI CURIAE* IN SUPPORT
OF DEBTOR AND SEEKING REVERSAL
OF THE BANKRUPTCY COURT'S DECISION        - 8

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996

1    Only narrow circumstances justify denying a debtor the right to amend

2    schedules and assert exemptions.  For decades, the law in the Ninth Circuit was

3

4    that "[t]he bankruptcy court has no discretion to disallow amended exemptions,

5    unless the amendment has been made in bad faith or prejudices third parties."  *In*

6

7    *re Arnold*, 252 B.R. 778, 784 (B.A.P. 9th Cir. 2000) (citing *Michael*, 163 F.3d at

8    529); *see also Lucius v. McLemore*, 741 F.2d 125, 127 (6th Cir. 1984); *In re*

9    *Doan,* 672 F.2d 831, 833 (11th Cir. 1982); *In re Elliott*, 523 B.R. 188 (B.A.P. 9th

10   Cir. 2014); *In re Gray*, 523 B.R. 170 (B.A.P. 9th Cir. 2014).  However, in 2014,

11

12   the Supreme Court strengthened the debtor's right to amend exemptions even

13   further, when it ruled that exemptions could not even be surcharged on account of

14

15   the debtor's own fraud.  See *Siegel*, 134 S. Ct. at 1194-95; *see also Elliott*, 523

16   B.R. at 193 (noting that *Siegel* abrogated the *Michael* and *Arnold* line of authority

17

18   giving discretion to forbid amendments).

19   Against the background of these rules favoring both amendments and

20   exemptions, it is clear that debtors can assert exemptions against value that was

21

22   created postpetition.  In fact, by the express terms of the statute, exemptions can

23   be valued not just "as of the date of the filing of the petition," as noted by Trustee

24   and the bankruptcy court, but also "with respect to property that becomes property

25

26   of the estate after such date, as of the date such property becomes property of the

27

28

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996

estate." 11 U.S.C. § 522(a)(2).  For purposes of valuing exemptions, postpetition appreciation would fall under this latter definition because it inherently enters the estate after "the date of the filing of the petition."  The *Gebhart* Court implicitly recognized this reality when it categorized postpetition appreciation as Section 541(a)(6) estate property – a category of postpetition property that brings into the bankruptcy estate "[p]roceeds, product, offspring, rents, or profits of or from property of the estate."  *See Gebhart*, 621 F.3d at 1211 (citing 11 U.S.C. § 541(a)(6); *see also Schwaber v. Reed (In re Reed)*, 941 F.2d 1317, 1323 (9th Cir. 1991); *Viet Vu v. Kendall (In re Viet Vu)*, 245 B.R. 644, 647-48 (B.A.P. 9th Cir. 2000)).  Nothing in the Bankruptcy Code precludes the debtor's amendment of exemptions to cover property that enters the estate after the filing of the petition.

It is already clear in other contexts that value created postpetition remains subordinate to a debtor's exemption.   For example, there are many cases concerning postpetition appreciation in equity arising from the reduction of mortgage balances in the controversial context of negotiated "carve-out agreements."  These cases typically involve homes that were underwater as of the petition date.  The trustee and the mortgage company will cut a deal to short sell the home, and carve out a nominal amount to distribute to unsecured creditors. Because these homes were underwater on the petition date, the value created in

BRIEF OF *AMICI CURIAE* IN SUPPORT
OF DEBTOR AND SEEKING REVERSAL
OF THE BANKRUPTCY COURT'S DECISION        - 10

**MARC S. STERN**
**ATTORNEY AT LAW**
**1825 NW 65ᵀᴴ STREET**
**SEATTLE, WA 98117**
**(206)448-7996**

these transactions occurs solely post-petition.  However, as controversial as this practice is, *see, e.g.*, *In re KVN Corp.*, 514 B.R. 1, 7 (B.A.P. 9th Cir. 2014), it is uncontroversial that, at a minimum, the debtor is able to assert exemptions against the value that is created postpetition. *See In re Potter*, 226 B.R. 422 (B.A.P. 8th Cir. 1999) ("Except to the extent of the debtor's potential exemption rights, post-petition appreciation in the value of property accrues for the benefit of the estate."); *In re Wilson*, 494 B.R. 502, 506 (Bankr. C.D. Cal. 2013) (value created by postpetition short sale that included a distribution to the estate was an exemptible interest); *see also In re Mannone*, 512 B.R. 148, 153-54 (Bankr. E.D.N.Y. 2014) (same).  Other common instances where debtors can amend exemptions include those when valuations were not known at the time of filing the case, but were later determined upon liquidation.  *In re Lopez*, No. 03-40205, 2005 Bankr. LEXIS 3037, at *4-6 (Bankr. D. Idaho Sep. 18, 2005) (debtors entitled to file amendment to exempt settlement proceeds of legal claim, the value of which was uncertain on the day of petition); *In re O'Brien*, 443 B.R. 117, 131-32 (Bankr. W.D. Mich. 2011) (amending schedules to reflect subsequent tax refunds).  These common practices would be disrupted entirely if Trustee's rule were adopted.

BRIEF OF *AMICI CURIAE* IN SUPPORT
OF DEBTOR AND SEEKING REVERSAL
OF THE BANKRUPTCY COURT'S DECISION          - 11

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996

Trustee's position does violence to the sanctity of property exemptions.  It cannot be disputed that, if there were $125,000 in equity in the debtor's home at the time of filling, then she would have been able to claim the entire amount as exempt under Washington's homestead law.  In fact, even a debtor who has concealed a home entirely from the bankruptcy trustee, only to later amend the schedules and add the asset and exemption, is still entitled to the full exemption amount.  *See Siegel*, 134 S. Ct. at 1194-95.  Trustee takes the remarkable position that, only because that equity was created postpetition, the debtor (who did nothing wrong) is deprived of her exemption rights.

To be clear, there is no statutory support for Trustee's radical argument that debtors can be prevented from obtaining the full value of their property exemptions based solely on technicalities surrounding valuation dates.  The lack of any statutory basis to deny exemptions based solely on when the value was created mandates that the debtor's exemption be allowed.  *See Siegel*, 134 S. Ct. at 1194-95.

### C. The *Gebhart* Rule Does Not Support Trustee's Proposal To Limit Exemptions.

The court below based its decision on a perfunctory application from *Gebhart*.  To the extent that the debtor wishes to obtain appreciation beyond her exemption, that may be correct.  However, *Gebhart* is completely inapplicable to

BRIEF OF *AMICI CURIAE* IN SUPPORT
OF DEBTOR AND SEEKING REVERSAL
OF THE BANKRUPTCY COURT'S DECISION          - 12

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996

1  the bankruptcy court's decision to deny Ms. Wilson her homestead exemption.

2  Neither the legal theory supporting *Gebhart*, nor the specific Washington

3

4  exemptions at issue here, support such an application.

5

6  **1. *Gebhart* Only Concerns Appreciation Beyond Exemption Limits.**

7  Both Trustee and the bankruptcy court below apparently read the *Gebhart*

8  Court as creating an absolute rule that all postpetition appreciation inures to the

9

10  benefit of the estate – regardless of a debtor's property exemptions.  However, the

11  *Gebhart* Court expressly refused to go so far.

12

13  First and foremost, the issue in this case was squarely resolved by one of

14  the cases relied upon by the *Gebhart* Court.  In a similar fact pattern, the *Alsberg*

15  case involved a home that actually had negative equity in it at the time of filing

16

17  (fair market value of $259,000, a mortgage balance of $225,125, and tax liens of

18  approximately $86,000).  *Alsberg v. Robertson (In re Alsberg)*, 68 F.3d 312, 313

19

20  (9th Cir. 1995).  The following year, the debtor was able to find a buyer for the

21  property, and sold it at a price of $380,000.  After the first mortgage had been paid

22  off, and the remaining $115,000 was paid into escrow, the debtor amended his

23

24  schedules and "for the first time, [] claimed a homestead exemption of $45,000."

25  *Id*. at 314.  Although the Ninth Circuit rejected the debtor's attempt to obtain the

26  full proceeds, it unequivocally reaffirmed his right to assert a homestead

27

28

BRIEF OF *AMICI CURIAE* IN SUPPORT
OF DEBTOR AND SEEKING REVERSAL
OF THE BANKRUPTCY COURT'S DECISION          - 13

Marc S. Stern
Attorney at Law
1825 NW 65th Street
Seattle, WA 98117
(206)448-7996

exemption against the new value.  *See id.* at 315 ("When Alsberg subsequently filed a claim for a $ 45,000 homestead exemption after the sale of the property, he became entitled to $ 45,000 of the proceeds, and no more.").

Among other precedent, the *Gebhart* Court relied on the rationale in *Alsberg*, and even used limiting language affecting this precise issue.  As the Court described, its rule on postpetition appreciation applies only "when the total [postpetition] fair market value of the property is in fact greater than the exemption limit at the time of filing."  *Gebhart*, 621 F.3d at 1211.  By describing its rule in these terms, the court implicitly recognized that debtors would still be able to assert exemptions in amounts up to "the exemption limit" to protect increases in value due to postpetition appreciation – with only the equity beyond that limit inuring to the benefit of the estate.  One of the decisions that *Gebhart* affirmed had likewise noted the possibility of amended exemptions when it reasoned that "[w]here the debtor claims a specific dollar amount as exempt, the debtor is bound by that amount and, *in the absence of an amendment*, cannot claim that the entire property is exempt."  *Klein v. Chappell (In re Chappell)*, 373 B.R. 73, 81 (B.A.P. 9th Cir. 2007) (emphasis added).

Nor could the *Gebhart* Court have gone as far as Trustee suggests because the fact patterns from that case did not raise the issue at play here or in *Alsberg*.

BRIEF OF *AMICI CURIAE* IN SUPPORT
OF DEBTOR AND SEEKING REVERSAL
OF THE BANKRUPTCY COURT'S DECISION          - 14

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996

1   The focus of the *Gebhart* Court was whether the bankruptcy estate had *any*

2   control over the property.  *See Gebhart*, 621 F.3d at 1209 (primary issue in that

3

4   case is "whether the Trustee's failure to object to the homestead exemption claim

5   within the period allowed by statute resulted in the homestead property being

6

7   withdrawn from the bankruptcy estate at that point.").  There, the equity in the

8   property as of the petition date was slightly below the maximum homestead

9   amount.  *See Gebhart*, 621 F.3d at 1208 ($89,703 in equity, and a $100,000

10

11   homestead exemption).  Though the debtor received his discharge within months

12   of filing, the case was still not administratively closed three years later.  At that

13

14   point, the trustee, believing that the value of the house had increased substantially

15   since the bankruptcy filing, sought to sell the home.  *Id*.  The *Gebhart* debtor did

16   not seek to amend his exemptions by which he would have been entitled to

17

18   exempt his interest up to $100,000.  Nor did the *Gebhart* debtor seek

19   abandonment of the property by the trustee until after the equity in the home had

20

21   significantly increased beyond the maximum exemption amount.  Instead, the

22   *Gebhart* debtor argued that his entire homestead and any related appreciation were

23   removed from the estate when the trustee failed to contest his original exemption

24

25   claim.  *See Gebhart*, 621 F.3d at 1208.  The *Gebhart* Court concluded that the

26   appreciation beyond the claimed exemption was property of the estate, but it did

27

28

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996

1   not address the situation as here where the Debtor has sought to amend her

2   exemption to claim the maximum amount available and where the value of the

3   equity does not exceed that maximum amount.

4

5       In *Gebhart*, the debtor also argued that the trustee failed to administer the

6   case quickly and expeditiously and instead did not administratively close the case

7   for years after the debtor received his discharge.  *See id*. at 1212.  The Court noted

8   that the debtor's concerns that trustee would hold cases open in order to capture

9   appreciation was legitimate, but further noted the remedy for the debtor was to

10  seek abandonment under section 544.  *See id*. at  1212 n.3.   Here, Ms. Wilson

11  sought to invoke the exact remedy recommended by the *Gebhart* Court by filing a

12  motion seeking abandonment of the property under 11 U.S.C. § 554; *see* Docket

13  #61, No. 13-20904 (Bankr. W.D. Wash. July 18, 2016).  Only after filing that

14  motion, did the Trustee seek to sell the property.  *See* Docket #80, Ex Parte

15  Motion to Employ Real Estate Agent, No. 13-20904 (Bankr. W.D. Wash. Sept. 6,

16  2016).   At no time, did the Trustee assert that based on the value of the property,

17  the Debtor's equity exceeded the maximum amount of the Washington homestead

18  exemption.  On these bases, *Gebhart* is not only distinguishable, but supports the

19  Debtor's position and requires reversal of the bankruptcy court.

20

21

22

23

24

25

26

27

28

BRIEF OF *AMICI CURIAE* IN SUPPORT
OF DEBTOR AND SEEKING REVERSAL
OF THE BANKRUPTCY COURT'S DECISION          - 16

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996

**2. The Washington Homestead Exemption Falls Outside of *Gebhart*.**

The bankruptcy court erred in its application of *Gebhart* for another reason. *Gebhart* does not apply to exemption statutes, such as the Washington exemption at play here, which exempt assets themselves as opposed to the debtor's interest in the asset.

As the Ninth Circuit has explained, the *Gebhart* approach is an exception to the "general rule that exempt property immediately revests in the debtor." *Mwangi*, 764 F.3d at 1175. In order to determine whether to apply the general rule or the *Gebhart* exception, courts first look "to the text of the statute to determine whether the statute exempts the asset or an interest therein." *Id*. The *Mwangi* case involved a Nevada statute that exempted "[f]or any workweek, 75 percent of the disposable earnings of a judgment debtor during that week." *Id*. at 1175 n. 2 (quoting Nev. Rev. St. § 21.090(1)(g)). Although the exemption had its limits, the *Mwangi* Court found *Gebhart* clearly inapplicable because "[o]n its face, § 21.090(1)(g) defines the property that the debtor is authorized to exempt as the asset itself, i.e., disposable earnings." *Id*. at 1176. By contrast, the exemption schemes at play in *Gebhart* both explicitly applied to a debtor's "interest." *See Gebhart*, 764 F.3d at 1210 (citing 11 U.S.C. § 522(d)(1) ("debtor's aggregate interest"); Ariz. Rev. Stat. § 33-1101 ("The person's interest")).

BRIEF OF *AMICI CURIAE* IN SUPPORT
OF DEBTOR AND SEEKING REVERSAL
OF THE BANKRUPTCY COURT'S DECISION          - 17

**MARC S. STERN**
**ATTORNEY AT LAW**
**1825 NW 65TH STREET**
**SEATTLE, WA 98117**
**(206)448-7996**

The Washington homestead exemption at issue here is similar to the exemption from *Mwangi*.  Unlike *Gebhart*, it contains no reference to the debtor's interest, but instead provides that "the homestead is exempt from attachment and from execution or forced sale for the debtor..."  Wash. Rev. Code § 6.13.070(1). Like *Mwangi*, there may be a ceiling on this exemption, *see* Wash. Rev. Code § 6.13.070(1), but the statute expressly exempts the property itself, and not the debtor's interest in the property.  Debtors are able to claim this exemption in the property any time before the sale – even after filing the bankruptcy petition.  *See In re Gitts*, 116 B.R. 174, 180 (B.A.P. 9th Cir. 1990).

State law jurisprudence supports this straightforward reading of this homestead exemption.  It has long been recognized that the Washington homestead "is neither a lien nor an encumbrance, but a species of land tenure exempt from execution and forced sale in all but the enumerated circumstances." *Algona v. Sharp*, 30 Wash. App. 837, 843 (1982); *see also Viewcrest Condo. Ass'n v. Robertson*, -- Wash. App. --, 2016 Wash. App. LEXIS 3070, at *4 (Ct. App. Dec. 27, 2016) ("The Homestead Act grants homeowners the right to be free from execution or forced sale of the homestead, with certain exceptions."); *Pinebrook Homeowners Assn. v. Owen*, 48 Wash. App. 424, 429-30 (1987).

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996

1    Further, there is a strong public policy underlying the Washington

2    homestead that supports this interpretation.  After all, the homestead in

3

4    Washington "implement[s] the policy that each citizen have a home 'where his

5    family may be sheltered and live beyond the reach of financial misfortune.'"

6

7    *Algona*, 30 Wash. App. at 841 (quoting *Clark v. Davis*, 37 Wn.2d 850, 852

8    (1951)).  Indeed, this policy is so deeply embedded in Washington law that it is

9    enshrined in the State Constitution.  Wash. Const. Art. XIX, § 1 ("The legislature

10

11   shall protect by law from forced sale a certain portion of the homestead and other

12   property of all heads of families.").  These policies have consistently led courts to

13

14   reason that "homestead laws are to be liberally construed in favor of the debtor."

15   *Algona*, 30 Wash. App. at 842; *see also Lien v. Hoffman*, 49 Wn.2d 642, 647

16   (1952).

17

18        Bankruptcy law takes into account these policies and rules of construction.

19   *See DeGiacomo v. Traverse (In re Traverse)*, 753 F.3d 19, 28 (1st Cir. 2014)

20

21   (looking to liberal construction of Massachusetts homestead laws in bankruptcy

22   context).  Here, these state law policies provide further reason to protect the

23   debtor's homestead.

24

25

26

27

28

BRIEF OF *AMICI CURIAE* IN SUPPORT
OF DEBTOR AND SEEKING REVERSAL
OF THE BANKRUPTCY COURT'S DECISION          - 19

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996

1
## IV.   CONCLUSION

2
3      This court should reverse the bankruptcy court's decision 1) overruling the

4   Debtor's motion to amend exemptions and 2) overruling the Debtor motion

5   seeking the Trustee to abandon the property and 3) granting the Trustee's motion

6
7   to sell the Debtor's homestead property.  The Debtor is entitled to amend her

8   exemption and exempt postpetition appreciation in the property up to the

9   maximum amount of the Washington homestead exemption.  In the alternative,

10  the nature of the Washington homestead exemption, which exempts the

11
12  "property," precludes trustees from capturing appreciation in property that is

13  otherwise fully exempt.

14
15                                  *s/ Marc S. Stern*_____
16                                  Marc S. Stern, WSBA #8194
17                                  Attorney for NCBRC and NACBA

18
19
20
21
22
23
24
25
26
27
28

BRIEF OF *AMICI CURIAE* IN SUPPORT
OF DEBTOR AND SEEKING REVERSAL
OF THE BANKRUPTCY COURT'S DECISION          - 20

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996

CERTIFICATE OF COMPLIANCE
WITH TYPE-VOLUME LIMITATION,
TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1.      This brief complies with the type-volume limitation of Fed. R. Bankr.

P. 8015(a)(7) because it contains 4,320 words, as determined by the word-count

function of Microsoft Word 2011, excluding the parts of the brief exempted by

Fed. R. Bankr. P. 8015(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. Bankr.

P. 8015(a)(5) and the type style requirements of Fed. R. Bankr. P. 8015(a)(6)

because it has been prepared in a proportionally spaced typeface using Microsoft

Word 2011 in 14-point Times New Roman font.

                              *s/ Marc S. Stern*_____
                              Marc S. Stern, WSBA #8194
                              Attorney for NCBRC and NACBA

1    CERTIFICATE OF SERVICE

2        I hereby certify that on February 3, 2016, I electronically filed the foregoing

3    with the Clerk of the Court using the CM/ECF system which will automatically

4    send email notification of such filing to the attorneys of record in the case:

5

6    Alexander Sether Kleinberg akleinberg@eisenhowerlaw.com

7    Larry B. Feinstein lbf@chutzpa.com
     Binah B. Yeung binahy@schweetlaw.com

8    Bankruptcy Appeals ECFHelp_Seattle@wawb.uscourts.gov

9

10   DATED this 3rd day of February, 2017

11

12

13                                  s/ Tanya Bainter_____
                                    Tanya Bainter

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRIEF OF *AMICI CURIAE* IN SUPPORT
OF DEBTOR AND SEEKING REVERSAL
OF THE BANKRUPTCY COURT'S DECISION        - 22

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996