HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

DEBRA LEA WILSON,

        Debtor-Appellant,

        v.

JAMES RIGBY, ET AL.,

        Appellees.

CASE NO. C16-1684 RAJ

ORDER

This matter comes before the Court on Appellant's appeal from the Bankruptcy Court's denial of the amendments to her homestead exemption.  Dkt. # 4.  Appellees filed briefs in opposition, and the Court considered the brief of the amici curiae.  Dkt. ## 13, 15, 16, 19.  For the reasons that follow, the Court **DENIES** Appellant's appeal and **AFFIRMS** the bankruptcy court's decision.

**I.     BACKGROUND**

The parties largely agree on the relevant facts of this case.  On December 18, 2013, Appellant filed a voluntary petition for Chapter 7 bankruptcy.  Dkt. ## 8 at 5; 15 at

ORDER- 1

5; 16 at 4.  In her Schedule C, Appellant listed a wildcard exemption for her property, a one bedroom condominium located at 4343 Roosevelt Way NE, Apt. 506, in Seattle.  Dkt. # 16-2 at 11.  The exemption was equal to the amount of equity Appellant held in the property, which was $3,560.  At the time of the petition, the property was valued at $250,000 and was encumbered by a $246,440 mortgage.  *Id.* at 12.

The value of the property increased over the years since Appellant filed for bankruptcy.  On July 18, 2016, Appellant amended her schedules to reflect this increase in value.  *Id*. at 55-64.  The amended Schedule C now lists the property's value at $412,500.  *Id.* at 62.  Appellant also amended the schedule to reflect a state homestead exemption rather than the federal wildcard exemption; with regard to the property, Appellant now seeks to exempt "100% of fair market value, up to any applicable statutory limit." *Id.*

Appellees opposed Appellant's amended exemptions.  On October 21, 2016, the bankruptcy court heard oral arguments regarding the disputed exemptions.  Dkt. # 15-1.  The court discussed the applicable statutes and case law, concluding that the "amendment of Schedule A to reflect the value of the asset of the date of the amendment [was] improper."  *Id.* at 30.  The court found that the bankruptcy rules allow debtors to amend schedules but "neither allow[ ] nor require[] debtors to constantly update schedules to reflect increases or decreases in the value of assets during the case." *Id.*  Accordingly, the bankruptcy court ruled that Appellant could "claim a maximum exemption of $3,560 in the property . . . ." *Id.* at 34.  Appellant promptly appealed.

## II.     LEGAL STANDARD

District courts have jurisdiction to hear appeals from a final judgment and order in a bankruptcy proceeding.  *See* 28 U.S.C. § 158(a)(1).  A district court reviews the bankruptcy court's conclusions of law de novo and reviews determinations of fact for clear error.  *See In re Crow Winthrop Operating P'ship*, 241 F.3d 1121, 1123 (9th Cir. 2001); *In re Olshan*, 356 F.3d 1078, 1083 (9th Cir. 2004).  The scope of the Appellant's

exemption is a matter of law, which the court reviews de novo. *In re Lieberman*, 245 F.3d 1090, 1091 (9th Cir. 2001); *In re Bloom*, 839 F.2d 1376, 1378 (9th Cir. 1988).

The issues raised on appeal are limited to those addressed below. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]n appellate court will not consider issues not properly raised before the [trial] court."); *Alaska Airlines, Inc. v. United Airlines, Inc.*, 948 F.2d 536, 546 n. 15 (9th Cir. 1991) ("[A]n appellate court will not reverse a district court on the basis of a theory that was not raised below."). The court can affirm the bankruptcy court's ruling on any basis supported by the record. *See, e.g.*, *Dittman v. California*, 191 F.3d 1020, 1027 n.3 (9th Cir. 1999).

## III. DISCUSSION

At issue is whether Appellant was permitted to amend her homestead exemption to account for her condominium's increased market value. By doing so, Appellant claims that she may benefit from the Washington homestead exemption's statutory maximum. Appellees argue that any post-petition value inures to the bankruptcy estate as long as the property was not deemed abandoned. And here, Appellant did not abandon her property.

Appellant relies on Federal Rule of Bankruptcy Procedure 1009 ("Rule 1009") to argue her unfettered right to amend her exemptions. Dkt. # 8 at 10-12. Rule 1009 states, in part, that "[a] voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed." Fed. R. Bankr. P. 1009. But Rule 1009 must be read within the context of a large body of relevant and binding precedent. The Supreme Court and Ninth Circuit have found on several occasions that when debtors claim exemptions under dollar-value exemption statutes, the value of the exemption is frozen as of the date of filing the petition. *See Myers v. Matley*, 318 U.S. 622, 628 (1943) (finding that "the bankrupt's right to a homestead exemption becomes fixed at the date of the filing of the petition in bankruptcy and cannot thereafter be enlarged or altered by anything the bankrupt may do . . . ."); *White v. Stump*, 266 U.S. 310, 313 (1924) ("These and other provisions of the Bankruptcy Law show that the point

of time which is to separate the old situation from the new in the bankrupt's affairs is the date when the petition is filed."); *In re Jacobson*, 676 F.3d 1193, 1199 (9th Cir. 2012) ("Under the so-called 'snapshot' rule, bankruptcy exemptions are fixed at the time of the bankruptcy petition. . . . Those exemptions must be determined in accordance with the state law 'applicable on the date of filing.'") (internal citations omitted); *In re Gebhart*, 621 F.3d 1206, 1211 (9th Cir. 2010) (finding that "an exemption claimed under a dollar-value exemption statute is limited to the value claimed at filing."); *In re Reed*, 940 F.2d 1317, 1332 (9th Cir. 1991) ("State law determines the existence and scope of a debtor's interest in property. . . . That interest is determined upon filing the bankruptcy petition and becomes part of the bankruptcy estate at that time.") (internal citations omitted); *In re Gitts*, 16 B.R. 174, 178 (B.A.P. 9th Cir. 1990), *aff'd*, 927 F.2d 1109 (9th Cir. 1991) ("The right to exemptions under the Bankruptcy Code, like the Bankruptcy Act, is generally determined by facts as they existed on the date bankruptcy was filed.").

Here, Appellant amended her schedules to reflect a homestead exemption under Washington's homestead exemption statute, RCW 6.13.030. Dkt. # 16-2 at 62. This statute limits the homestead exemption to the lesser of the value of the property under RCW 6.13.010 or the sum of $125,000. RCW 6.13.030. Appellant utilized the latter sum and attempted to exempt $125,000, stating that she was entitled to the increase in market value of her condominium since the date of the petition. The property listed in the amendment is the same property for which Appellant claimed a federal wildcard exemption in her initial petition. Dkt. # 16-2 at 11. As such, under both federal and state law, the property constituted Appellant's homestead as of the date of the petition. 11 U.S.C. § 522(d) (describing property that a debtor may exempt under § 522(b)); RCW 6.13.030 (defining "homestead"). Therefore, because this property entered the estate on the date of the petition, any post-petition amendments necessarily relate to Appellant's interest as of that date, which was $3,560 and not $125,000. *White*, 266 U.S. at 313; *cf. In re Walz*, 546 B.R. 836, 840 (Bankr. D. Minn. 2016) (following the reasoning in *White*

*v. Stump*, the Court found that "when property comes into the bankruptcy estate by bequest, devise, or inheritance to the debtor" after the petition date, "the debtor's right to an exemption in that property is determined as of the date the property becomes property of the estate."). Any post-petition appreciation in value of the property inures to the estate. *In re Gebhart*, 621 F.3d at 1211.

Appellant exempted her interest in the property, not the property itself. This is precisely the holding in *Schwab v. Reilly*, 560 U.S. 770, 782 (2010). There, the Court found that § 552(d) defines "'property' that a debtor may 'clai[m] as exempt' as the debtor's 'interest'—up to a specified dollar amount—in the assets described in the category, *not* as the assets themselves." *Id.* Washington's homestead statute works the same. RCW 6.13.30 (allowing a debtor to claim a homestead exemption up to $125,000—a dollar value rather than the asset itself). Therefore, any argument to the contrary—that Appellant somehow exempted the fair market value of the condominium rather than a distinct amount of equity—is unpersuasive. *See* Dkt. # 17 at 7-8.

Appellant had a right to amend her schedules under Rule 1009 but her homestead exemption was limited to the amount of interest that existed on the date of filing the petition, which was $3,560.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Appellant's appeal and **AFFIRMS** the Bankruptcy Court's decision. Dkt. # 4.

Dated this 10th day of August, 2017.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge